UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer*, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>v.<br><br>GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.: 25-cv-1517-HB<br><br>CIVIL ACTION<br><br>**DEFENDANT GREENFLIGHT VENTURE CORP.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(2)**<br><br>Motion Returnable: April 22, 2025<br><br>Oral Argument is Requested |

**SUPPLEMENTAL MEMORANDUM OF LAW BY DEFENDANT GREENFLIGHT VENTURE CORP. TO JOIN CONSOLIDATED MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(2)

## I. INTRODUCTION

Defendant Greenflight Venture Corp. respectfully submits this supplemental Memorandum in further support of its Motion to Dismiss Plaintiffs' Complaint for lack of Personal Jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant Greenflight fully adopts and incorporates by reference all applicable arguments from the Consolidated Motion to Dismiss filed in the related *Atlas Data Privacy Corp., et al. v. GoHunt LLC, et al*. (Case No. 1:24-cv-04380-HB). Given that jurisdictional arguments are inherently defendant-specific, Defendant Greenflight provides this supplemental memorandum to clarify why the Court lacks Personal Jurisdiction over it, emphasizing the unique facts surrounding its operations.

**Relevant Background and Facts Specific to "OkCaller"**

OkCaller is a telephonic network directory utility operated by Greenflight Venture Corporation, a corporation organized and existing under the laws of Florida, with its principal place of business in Wellington, Florida. (See *Affidavit of Jeffrey Isaacs (hereinafter "Isaacs Aff."), ¶ 2.*)

Since its founding in 2014, OkCaller has been committed to providing free, internet-based caller identification services nationwide to improve telephone safety, combat spam, phishing attempts, and harassment, and offer transparency in telephonic communications. (*Isaacs Aff*. ¶¶ 3-5.) Critically, OkCaller has never engaged in commercial transactions[1] or sold products or services. It maintains no paying customers anywhere, including New Jersey. (*Isaacs Aff.* ¶ 6.)

---

[1] The service is sponsored through Google AdSense, of Mountain View California.

OkCaller does not even maintain the Caller-ID data (a/k/a caller name/CNAM) that Plaintiff wishes to take-down. These caller names, by long-established telecommunication protocols called GR-1188, reside in *the covered person's own phone carrier's database*.  Any basic understanding of Caller ID reveals that Atlasmail has insufficiently researched this matter, at least with regards to OkCaller/Caller ID. OkCaller does not disclose PII – certainly not addresses or phone numbers – and any names it relays are strictly under GR-1188 telecommunication PSTN standards. Atlasmail seeks to revise GR-1188, effectively, creating an entirely dangerous telco infrastructure vulnerability. In any case, a Florida-based provider of Caller-ID simply does not fall within a New Jersey court's jurisdiction.

**Legal Argument**

**I. Defendant Has No General or Specific Jurisdictional Ties to New Jersey.**

"OkCaller" does not meet the stringent requirements necessary to establish General Jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014). OkCaller maintains no physical presence in New Jersey, has no offices, employees, or agents there, and has no revenue or commercial activity tied to the state. (*Isaacs Aff*. ¶ 7.) Its website is universally accessible, provides information free of charge nationwide, and does not specifically target or tailor any services or advertisements toward New Jersey residents. (Id. ¶¶ 6, 8.)

Moreover, Specific Jurisdiction also does not exist. Plaintiffs allege jurisdiction primarily based on their unilateral act of sending email requests to OkCaller from New Jersey. As established in *Walden v. Fiore*, 571 U.S. 277 (2014), unilateral actions by Plaintiffs in the forum state cannot create jurisdiction over a defendant who has not purposefully directed activities toward that forum.

**II. OkCaller Owes No Duty of Care to Plaintiffs Under Daniel's Law; Thus, Personal Jurisdiction is Particularly Inappropriate.**

Plaintiffs contend that Daniel's Law imposes a negligence standard. However, even accepting Plaintiffs' position, a duty of care—the cornerstone of negligence liability—requires more than mere unilateral notification by Plaintiffs to OkCaller.

**No Transactional or Contractual Relationship:**

OkCaller does not charge any fees and conducts no transactions with individuals in New Jersey or elsewhere. OkCaller therefore never voluntarily undertook any duty towards Plaintiffs or any residents of New Jersey. Its terms of service specifically prohibit use by automated systems such as AtlasMail, which create safety threats by scraping CNAMs and denying service to others from their bulk requests that have no proof-of-identification. OkCaller's terms imposes $19m in liquidated damages for such non-compliant usage. Under well-established law, a duty of care requires either a relationship, transaction, or at least foreseeable reliance, none of which exists here. See *Estate of Narleski v. Gomes*, 244 A.3d 128, 135 (N.J. 2021).

**No Foreseeable Harm in New Jersey:**

The foreseeability required to impose a duty must be based on purposeful or directed activity toward the forum state. *Carvalho v. Toll Bros. & Developers*, 675 A.2d 209, 212 (N.J. 1996). Given OkCaller's lack of specific targeting or commercial activity in New Jersey, no foreseeable risk of harm arises sufficient to impose any duty toward New Jersey residents.

**Plaintiffs' Unilateral Actions Cannot Create a Duty or Jurisdiction:**

Merely sending a takedown request from New Jersey cannot, as a matter of law, transform OkCaller's passive website operations into purposeful activity in New Jersey. See *Miller v. Muscarelle*, 67 N.J. Super. 305, 321 (App. Div. 1961) (mere notification does not automatically impose a duty). Plaintiffs' unilateral action similarly cannot create personal jurisdiction. *Walden*, 571 U.S. at 291.

Thus, Plaintiffs' negligence-based theory under Daniel's Law highlights precisely why personal jurisdiction is lacking here: OkCaller had no reasonable basis to foresee legal obligations arising from Plaintiffs' unilateral communications. Consequently, forcing OkCaller into litigation in New Jersey offends traditional notions of fair play and substantial justice.

**III. Plaintiffs Seek Unreasonable, Costly, and Unsafe Compliance Procedures from a Defendant with No Forum Contacts.**

Plaintiffs seek to impose costly (approx. $24 million dollars) liquidated damages upon a disabled physician who spent a decade giving away free Caller ID to 300 million people. Atlasmail must rethink its burdensome (and unsafe) compliance measures—such as forcing OkCaller to process thousands of emails under unverified[2] and unidentified "Atlasmail" procedures— which simply cannot control a free-service provider with no commercial operations or revenue from New Jersey. (*Isaacs Aff*. ¶ 9.) Such imposition of obligations on a company without minimum contacts or purposefully directed activities in the forum would unfairly and unconstitutionally burden OkCaller. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (jurisdiction must comport with "fair play and substantial justice").

---

[2] Atlasmail never verifies phone number ownership of its customers. This is a fundamental safety flaw in their system, at least with respect to OkCaller/Caller ID, where opt-out *necessarily* and *critically* confirms phone carrier status. See *Addendum to Consolidated Motion re First Amendment*, re Opt-out safety.

**Conclusion**

Plaintiffs cannot establish Personal Jurisdiction—General or Specific—over Defendant Greenflight, which lacks purposeful contacts, transactions, revenues, or foreseeable legal duties in New Jersey. The negligence standard under Daniel's Law, if accepted, further illustrates the absence of purposeful availment or foreseeability necessary to confer jurisdiction. Therefore, Defenfdant Greenflight respectfully requests that this Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2).

**Dated: March 24, 2025**

> Respectfully submitted,
> **Law Offices of Jared M. Wichnovitz, P.C.**
> Attorneys for Defendant, Greenflight Venture Corp.
>
> /s/ *Jared M. Wichnovitz*
>
> JARED M. WICHNOVITZ, ESQ.
> Bar I.D. 414022022
> Law Offices of Jared M. Wichnovitz, P.C.
> 50 Harrison Street, Suite 206
> P.O. Box 631
> Hoboken, New Jersey 07030
> Office: (732) 765-2157
> Fax: (732) 358-0178
> Email: Jared@WichnovitzLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, a true and correct copy of the foregoing Motion to Dismiss with all exhibits was served via ECF Filing upon:

**Counsel for Plaintiffs**:

Rajiv D. Parikh, Esq.

Kathleen Barnett Einhorn, Esq.

Dated: March 24, 2025

**Law Offices of Jared M. Wichnovitz, P.C.**
Attorneys for Defendant, Greenflight Venture Corp.

/s/ *Jared M. Wichnovitz*
JARED M. WICHNOVITZ, ESQ.