Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No.: 1:24-cv-04949<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

**TO DEFENDANT(S) AND ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that the undersigned, attorneys for Plaintiffs, hereby request, pursuant to Rule 33 of the Federal Rules of Civil Procedure and this Court's order at Dkt. No. 54 that each Defendant separately answer these Interrogatories no later than May 14, 2025.

## INSTRUCTIONS

A.      If there is any claim of privilege relating to any interrogatory, set forth the basis for the privilege, and identify any documents claimed as privileged with the date, author(s) and current location of the documents.

B.      Unless otherwise specified, the relevant time frame for these interrogatories is December 21, 2023 through present.

## DEFINITIONS

A.      "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.      "Atlas" means Atlas Data Privacy Corporation.

C.      "Complaint" refers to the complaint filed in this matter and any amendments thereto.

D.      "Daniel's Law" means the law (and any amendments thereto) enacted in November 2020 (P.L. 2020, c. 125 as *codified in* N.J.S.A. 47:1A-1, et seq., N.J.S.A 56:8-166.1, and elsewhere in the New Jersey Statutes), which prohibits any person from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors (among others) and their eligible family members (i.e., "covered persons"), upon any written request by the

2

covered person.

E.    "Defendant" refers to any defendant Identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other persons acting on its respective or collective behalf, as well as any related person or entity involved in the operation of the website(s)/domain name(s) identified in the Complaint.

F.    "Describe" and "state" mean to state the substance of the event, circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile,

3

computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, databases, tables, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist. Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

H.    "Identify," or "identification" mean, when used in reference to:

a.  a natural person, his or her

4

    i.   full name;

    ii.   present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

    iii.   present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

    iv.   present or last known occupation, position, business affiliation, and job description;

    v.   occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

b.  a company, corporation, association, partnership or legal entity other than a natural person:

    i.   its full name;

    ii.   a description of the type of organization or entity;

    iii.   the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

    iv.   the jurisdiction of incorporation or organization.

c.  a document:

    i.   its description (for example, letter, memorandum, report);

    ii.   its title (e.g., letter, memorandum, telegram, chart, etc.)

iii.  its date;

iv.  the number of pages thereof;

v.  its subject;

vi.  the identity of its author, signatory or signatories, and any person who participated in its preparation;

vii.  the identity of its addressee or recipient;

viii.  the identity of each person to whom copies were sent and each person by whom copies were received;

ix.  its present location; and

x.  the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

d.  a communication or statement:

i.  the date and time when it occurred;

ii.  the place where it occurred;

iii.  the complete substance of the communication;

iv.  the identity of each person; (1) to whom such communication was   made; (2) by whom such communication was made; and (3) who was present when such communication was made;

6

     v.  if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

     vi.  the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I.    "Persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

O.    "You" and "Your" refers to each Defendant responding to these interrogatories, with the term Defendant broadly defined above.

## FIRST SET OF INTERROGATORIES

1.    Identify any product, service, or digital platform that Defendant has since December 1, 2023, owned, licensed, or otherwise offered and that has published, provided access to, or otherwise made available the home addresses and/or telephone numbers of New Jersey residents.

2.    For each product, service, or digital platform identified in response to Interrogatory Number 1, provide information regarding all access, purchase, or use of the product since December 1, 2023 by anyone in New Jersey.

3.    Identify all officers, directors, employees, contractors, vendors, and any other individuals or entities who, on Defendant's behalf, have since December 1,

7

2023 been involved in any marketing, advertising, soliciting, or offering of any product, service, or digital platform that has published, provided access to, or otherwise made available information subject to Daniel's Law, including without limitation in New Jersey or to New Jersey customers.

4.      Identify any advertising or marketing activities conducted by Defendant or anyone acting on Defendant's behalf in New Jersey, including nationwide or multistate marketing activities that included marketing or advertising in New Jersey.

5.      Identify any entity with whom Defendant has since December 1, 2023 had any contracts, agreements, or arrangements in connection with or for the provision of any product, service, or digital platform that has published, provided access to, or otherwise made available information subject to Daniel's Law, including without limitation entities in New Jersey.

6.      Identify all sources from which Defendant obtained information related to information subject to Daniel's Law, including without limitation entities in New Jersey and any public records made available by the State of New Jersey, any agency or instrumentality of the State of New Jersey, any county, municipality, or other local government in New Jersey, or any agency or instrumentality thereof.

7.      Identify any audit, review, or evaluation of Defendant conducted since December 1, 2023 by any officers, directors, employees, contractors, vendors, and

other individuals or entities acting on Defendant's behalf for compliance with New Jersey law for any of Defendant's services, products, or digital platforms that publish, provide access to, or otherwise makes available information subject to Daniel's Law.

8.    Identify all officers, directors, employees, contractors, vendors, and other individuals or entities who, on Defendant's behalf, have reviewed, analyzed, processed, and/or responded to any Daniel's Law requests received since January 12, 2023.

9.    Describe all actions taken by Defendant to respond to any written requests under Daniel's Law received since January 12, 2023, including all communications with persons who sent nondisclosure requests to Defendant requesting redaction of their home addresses and phone numbers.

10.    Identify any address or phone number of a New Jersey resident that remained available in the database associated with any of Defendant's products, services, or digital platforms 10 days or more after Defendant received a nondisclosure request from a person asserting a right to nondisclosure under Daniel's Law, including any address or phone number of a New Jersey resident that is currently available in the database of information associated with any of Defendant's products, services, or digital platforms.

11.    State whether Defendant has, within the last 5 years, entered into any contract executed within the State of New Jersey or to be performed in whole or in part within New Jersey.

12.    If the answer to Interrogatory No. 11 is affirmative, state the name of each party to each contract, the nature of each contract, the date of execution of each contract, the place of execution, and the place of performance.

13.    State whether Defendant, within the last 5 years, has commenced any legal actions within the State of New Jersey.

14.    State whether Defendant, within the last 5 years, has been authorized to do business in the State of New Jersey by any state or governmental agency, department or organization.

15.    State whether Defendant has, within the last 5 years, applied to the state of its principal place of business claiming a tax credit or tax deduction for taxes paid in states other than the state of its principal place of business, including without limitation the State of New Jersey.

16.    If the answer to Interrogatory No. 15 is affirmative, name each of the states in which Defendant claims that it paid taxes requiring such a tax deduction or tax credit.

Dated: 4/14/2025                    By:  /s/ *Rajiv D. Parikh*
                                   RAJIV D. PARIKH

                                   **PEM LAW LLP**
                                   Rajiv D. Parikh
                                   Kathleen Barnett Einhorn
                                   Jessica A. Merejo
                                   1 Boland Dr., Suite 101
                                   West Orange, New Jersey 07052
                                   Telephone: (973) 557-5700
                                   Email: rparikh@pemlawfirm.com
                                          keinhorn@pemlawfirm.com
                                          jmerejo@pemlawfirm.com

                                   **MORGAN & MORGAN COMPLEX
                                   LITIGATION GROUP**
                                   Ryan J. McGee
                                   John A. Yanchunis
                                   201 N. Franklin Street, 7th Floor
                                   Tampa, Florida 33602
                                   Telephone: (813) 223-5505
                                    Email: rmcgee@forthepeople.com
                                          jyanchunis@forthepeople.com

                                   *Attorneys for Plaintiffs*

11

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>vs.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No.: 1:24-cv-04949<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**TO DEFENDANT(S) AND ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that the undersigned, attorneys for Plaintiffs, hereby request, pursuant to Rule 34 of the Federal Rules of Civil Procedure and this Court's order at Dkt. No. 54, that each Defendant, no later than May 14, 2025, produce and/or permit Plaintiffs or someone acting on Plaintiffs' behalf to inspect and copy the following designated documents at the offices of PEM Law LLP.

## **INSTRUCTIONS**

A.      If you assert a privilege or work-product immunity as a ground for non-production of any document requested, <u>please produce all documents over which you are not asserting any such privilege or immunity</u>, and in addition, set forth as to each document over which a privilege is claimed:

        (1)     the date of the document;

        (2)     the type of document (e.g., letter, memorandum, chart, etc.);

        (3)     the names and addresses of all authors and recipients of the document and the employer and business or legal title of each author or recipient;

        (4)     a detailed explanation of why the privilege or immunity is deemed applicable, including sufficient facts for the Court to make a full determination of whether your assertion is valid; and

        (5)     the present location of the document and the name and address of its custodian.

B.      This Request for Production shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents between the time your responses are served and the time of trial.

C.      In producing documents in compliance with this Request, produce all documents which are available to you, including documents in the custody, possession or control of your attorney or investigators for your attorney, and not merely such

2

documents known to exist to your own personal knowledge. If you do not comply in full with the following Request for Production due to the non-existence of the documents(s) sought, so state in writing, specifying the reason for your inability to produce such documents(s).

D.    In producing documents in compliance with this Request, collate and identify each document by the numbered Request(s) for Production to which each document is produced. If any particular document produced is responsive to more than one numbered Request for Production, identify each numbered Request to which said document is responsive.

## **DEFINITIONS**

A.    "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.    "Communication" or "communications" means any and all correspondence, discussions, conversations, interviews, telephone calls, emails, text messages, voice mail messages, messages transmitted through social media or messaging programs (including, without limitation, KakaoTalk, Facebook, Instagram, WhatsApp, and WeChat), negotiations, notices, agreements, understandings, meetings, recordings, audiotapes, videotapes, transcripts,

facsimiles, telegrams, charts, spreadsheets, visual images, presentations, and all other transmissions of information, whether written or oral, or by any other means between two or more persons.

C.      "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 codified in N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D.      "Daniel's Law Request" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E.      ""Defendant" refers to any defendant Identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other persons acting on its respective or collective behalf, as well as any related person or entity involved in the operation of the website(s)/domain name(s) identified in the Complaint.

F.      "Document" or "documents" means the original and any identical or

4

non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist.  Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

G.    "Identify," or "identification" mean, when used in reference to:

(1)    a natural person, his or her:

(a)    full name;

(b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

(c)    present or last known business address (including street name and  number, city or town, state, zip code, and telephone number);

(d)    present or last known occupation, position, business affiliation, and job description;

(e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

(2)    a company, corporation, association, partnership or legal entity other  than a natural person:

(a)    its full name;

(b)    a description of the type of organization or entity;

(c)    the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal

6

place of        business;

(d)    the jurisdiction of incorporation or organization.

(3)    a document:

(a)    its description (for example, letter, memorandum, report);

(b)    its title (e.g., letter, memorandum, telegram, chart, etc.)

(c)    its date;

(d)    the number of pages thereof;

(e)    its subject;

(f)    the identity of its author, signatory or signatories, and any

person        who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and

each   person by whom copies were received;

(i)    its present location; and

(j)    the identity of its present custodian.

(If  any  such  document  was,  but  is  no  longer,  in  the

possession of        or subject to the control of Defendant, state

what disposition was        made of it and when).

(4)    a communication or statement:

(a)    the date and time when it occurred;

7

(b)    the place where it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e)    if by telephone: (1) the identity of each person: (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

(f)    the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

H.    "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

I.    "You" and "Your" refers to each Defendant responding to these requests, with the term Defendant broadly defined above.

8

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents reflecting or relating to Defendant's:

   a. Ownership, registration, licensing, offering, or use of any product or service that publishes, provides access to, or otherwise makes available information subject to Daniel's Law (here and below, including without limitation the home addresses and phone numbers of the Covered Persons and Individual Plaintiffs referenced in the Complaint filed against Defendant).

   b. Marketing, advertising, soliciting, or offering of any product or service that publishes, provides access to, or otherwise makes available information subject to Daniel's Law, including without limitation in New Jersey or to New Jersey customers.

   c. Contracts, agreements, or arrangements with any company or individual in New Jersey (including without limitation New Jersey agencies, professionals, vendors, or customers) for the provision of any product or service that publishes, provides access to, or otherwise makes available information subject to Daniel's Law.

   d. Involvement, participation, or role in the collecting, publishing, disseminating, selling, or providing access to, or otherwise making available information subject to Daniel's Law, including but not limited

9

to the sources, methods, purposes, and recipients of such information.

2.      All documents reflecting or relating to Defendant's revenues, profits, or income derived from any product or service that publishes, provides access to, or otherwise makes available information subject to Daniel's Law, including without limitation for products or services offered in New Jersey or to New Jersey customers.

3.      All documents reflecting or relating to Defendant's share of revenues, profits, or income derived from activities in New Jersey and any other state reflecting the state in which the activities generating the revenues, profits, or income occurred.

4.      Produce all communications with or regarding any governmental entity in the State of New Jersey including the Department of Community Affairs and the Office of Information Privacy.

5.      All documents reflecting or relating to Defendant's communications, correspondence, or interactions with Plaintiffs or any other New Jersey residents who sent Daniel's Law Requests to Defendant or any other entity associated with Defendant.

6.      All documents reflecting or relating to Defendant's involvement with any related entity's communications, correspondence, or interactions with Plaintiffs or any other New Jersey residents who sent Daniel's Law Requests to Defendant or any other related entity.

7.      All documents reflecting or relating to Defendant's policies,

10

procedures, or practices for

     a. Processing, responding to, or complying with Daniel's Law Requests from New Jersey residents sent to Defendant or any other related entity.

     b. Handling information related to New Jersey residents.

8.    All documents reflecting or relating to Defendant's relationship, affiliation, or connection with any related entity, including but not limited to any agreements, contracts, joint ventures, partnerships, or common ownership or control, with operations in New Jersey.

9.    All documents reflecting or relating to any complaints, claims, lawsuits, or investigations involving Defendant or any other related entity and any New Jersey residents or customers regarding any product or service that publishes, provides access to, or otherwise discloses personal information of New Jersey residents and where Defendant or any other related entity did not dispute the personal jurisdiction of the court in which those complaints, lawsuits, or investigations were based.

10.    Any and all documents reflecting or relating to any training, education, or guidance provided by Defendant or any other related entity to its employees, agents, or representatives regarding any service that provides access to personal information of New Jersey residents, including but not limited to the legal requirements, obligations, and rights under the Fair Credit Reporting Act ("FCRA"),

the New Jersey Identity Theft Prevention Act ("NJITPA"), the New Jersey Fair Credit Reporting Act ("NJFCRA"), or any other New Jersey state law or regulation.

11.    Any and all documents reflecting or relating to any audits, reviews, or evaluations conducted by Defendant or any other related entity or any third-party regarding compliance under New Jersey law for any product or service that publishes, provides access to, or otherwise makes available information subject to Daniel's Law.

12.    Any and all documents reflecting or relating to any opt-out, exclusion, or suppression options or mechanisms offered or provided by Defendant or any other related entity to any New Jersey residents or customers through any of Defendant's websites identified in the Complaint, or any other product or service that publishes, provides access to, or otherwise discloses information subject to Daniel's Law.

13.    Any and all documents reflecting or relating to any internal or external communications, correspondence, or discussions by Defendant or any other related entity regarding the introduction and passage of Daniel's Law in New Jersey, including the applicability, scope, and effect of the law.

14.    All documents reflecting or relating to Defendant's receipt of nondisclosure requests pursuant to Daniel's Law, including the date of receipt, the manner of receipt, the number of requests, the contents of those requests, and Defendant's analysis of those requests.

12

15.    All documents reflecting or relating to Defendant's response to Daniel's Law requests received from the Covered Persons and Individual Plaintiffs.

16.    All documents reflecting or relating to any changes to Defendant's processes regarding Daniel's Law nondisclosure requests or any other requests to remove personal information of New Jersey residents.

17.    All documents reflecting or relating to the actions taken by Defendant to preserve documents in connection with this litigation, including without limitation records of every time Defendant has published, provided access to, or otherwise made available the home addresses or phone numbers of the Covered Persons and Individual Plaintiffs.

18.    All documents reflecting or relating to the number of individuals with New Jersey addresses in any and all databases or on any sites that Defendant utilizes in connection with any product or services.

19.    All documents reflecting or relating to the products or services that Defendant has delivered or otherwise made available to businesses and individuals with information that includes New Jersey addresses, and the total amount and percentage of Defendant's revenue from those services or products.

20.    All documents reflecting or relating to the businesses and individuals in the state of New Jersey that have received products or services from Defendant, and the total amount and percentage of revenue Defendant has earned from those

businesses and individuals.

21.    All documents reflecting or relating to Defendant's modification of any product or service to address New Jersey laws and regulations, including but not limited to Daniel's Law, NJITPA, and NJFRCA.

22.    All documents reflecting or relating to any contracts that Defendant (including any predecessors and agents) has executed with a business with operations in New Jersey or with a New Jersey forum selection clause.

23.    All documents referenced or identified by Defendant in response to Plaintiffs' First Set of Interrogatories.

Dated: 4/14/2025                    By:  /s/ *Rajiv D. Parikh*
                                    RAJIV D. PARIKH

                                    **PEM LAW LLP**
                                    Rajiv D. Parikh
                                    Kathleen Barnett Einhorn
                                    Jessica A. Merejo
                                    1 Boland Dr., Suite 101
                                    West Orange, New Jersey 07052
                                    Telephone: (973) 557-5700
                                    Email: rparikh@pemlawfirm.com
                                        keinhorn@pemlawfirm.com
                                        jmerejo@pemlawfirm.com

                                    **MORGAN & MORGAN COMPLEX
                                    LITIGATION GROUP**
                                    Ryan J. McGee
                                    John A. Yanchunis
                                    201 N. Franklin Street, 7th Floor

Tampa, Florida 33602
Telephone: (813) 223-5505
Email: rmcgee@forthepeople.com
jyanchunis@forthepeople.com

*Attorneys for Plaintiffs*

15